UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAULETTE L. FANNING,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>LELAND DUDEK, Acting Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | CAUSE NO.: 1:23-CV-429-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 18], filed on January 17, 2025. The Plaintiff's attorney requests attorney fees in the amount of $6,600.00 pursuant to 42 U.S.C. § 406(b). The Commissioner does not object. ECF No. 19 at 1. For the reasons stated below, the Motion is GRANTED.

## BACKGROUND

The Plaintiff's attorney represented the Plaintiff before this Court in a judicial review of the Commissioner's unfavorable decision on the Plaintiff's application for disability insurance benefits. The Court reversed and remanded this case for further proceedings. ECF No. 16. In this case, no EAJA fees were requested.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits in the amount of $63,383.70, twenty-five percent of which ($15,845.93) was withheld for the payment of attorney fees. *See* Mot. Ex. D at 10, ECF No. 18-4. The Plaintiff's attorney filed the instant motion requesting that the Court award attorney fees pursuant to § 406(b) in the amount of $6,600.00. This amount is based on the retainer agreement between the Plaintiff and her attorney, Mot. Ex. A, ECF No. 18-1, in which

the Plaintiff agreed to pay her attorney twenty-five percent of all past-due benefits for work at the federal court level. The total request for an award under § 406(b) is $6,600.00, which equals less than the twenty-five percent of past-due benefits withheld by the Social Security Administration.

## ANALYSIS

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up).

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The proposed fee equals an effective hourly rate of approximately $2,000.00 for the total requested § 406(b) fee award of $6,600.00. *See* Mot. Ex. B, ECF No. 18-2 (reflecting 3.3 attorney hours). Although high, this hourly rate is reasonable given the contingent nature of this case and is similar to hourly rates in comparable cases. *See*, *e.g.*, *Demonja v. O'Malley*, 2:21-

2

CV-305 (N.D. Ind. Apr. 2, 2024) (hourly rate of $4,821.65); *Summer v. Kijakazi*, 2:20-CV-483 (N.D. Ind. July 18, 2023) (hourly rate of $1,850.00); *Narug v. Comm'r of Soc. Sec.*, 2:19-CV-490 (N.D. Ind. Aug. 29, 2022) (hourly rate of $2,450.60); *Sigsbee v. Kijakazi*, 3:19-CV-913 (N.D. Ind. Mar. 29, 2022) (hourly rate of $1,586.74); *Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, *1 (N.D. Ind. June 24, 2021) (hourly rate of $1,711.96). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits. The Court discerns no basis to reduce the amount. *See Arnold*, 106 F.4th at 601.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 18], AWARDS an attorney fee under 42 U.S.C. § 406(b) of $6,600.00, and DIRECTS that the amount of $6,600.00 be paid directly to counsel for the Plaintiff out of the Plaintiff's past due benefits in accordance with the Social Security Administration's agency policy.

SO ORDERED on February 24, 2025.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT

3